IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

DONALD R. BISHOP,

    Plaintiff,

vs.                                         No. 14-2711-SHM-dkv

JP MORGAN CHASE BANK, N.A. and
SHAPIRO AND KIRSCH, LLP

    Defendants.

_____

REPORT AND RECCOMENDATION GRANTING THE DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

_____

On September 16, 2014, the plaintiff, Donald R. Bishop ("Bishop"), filed a *pro se* complaint against the defendants, JP Morgan Chase Bank, N.A. ("Chase") and Shapiro and Kirsch, LLP ("Shapiro & Kirsch") (collectively "the Defendants"), seeking to set aside a non-judicial foreclosure sale and alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), the Tennessee Consumer Protection Act ("TCPA"), and the Tennessee Collection Service Act ("TCSA"). Now before the court is the Defendants' April 14, 2015 motion for summary judgment. (ECF No. 20.)[1] Bishop failed to file a response to

---

[1] Because Bishop's claims against Shapiro & Kirsch are derivative of those asserted against Chase, Shapiro & Kirsch moved to join Chase's motion for summary judgment. (ECF No. 23.) On May 4, 2015, the court granted Shapiro & Kirsch's motion. (ECF No. 24.)

the motion before the May 15, 2015 deadline. The case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons set forth below, the court recommends that the Defendants' motion for summary judgment be granted.

## I. PROPOSED UNDISPUTED FACTS

Under Rule 56(c)(1) of the Federal Rules of Civil Procedure, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion" in one of two ways:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Rule 56(e) provides:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

(4) issue any other appropriate order.

Bishop has failed to file a response to the Defendants' motion for summary judgment. The court, therefore, adopts the Defendants' proposed factual findings as undisputed to the extent they are supported by the record.

The court finds that the following facts are undisputed for the purposes of this motion for summary judgment:

On August 11, 2002, Bishop executed a promissory note ("the Note") in favor of Trustmark National Bank ("Trustmark") in the principal amount of $358,900. (Defs.' Statement of Undisputed Facts ¶ 1, ECF No. 22; Aff. of Wingo Ex. A, ECF No. 20-1.) The Note provides that Bishop "understand[s] that the Lender may transfer this Note." (Aff. of Wingo Ex. A, ECF No. 20-1.) Along with the Note, Bishop and his wife, Lena I. Bishop, executed a Deed of Trust in favor of Trustmark which secured the Note with the real property located at 17920 Highway 196, Eads, Tennessee 38028 ("the Property"). (Defs.' Statement of Undisputed Facts ¶ 3, ECF No. 22; Deed of Trust, ECF No. 1-2.) The Deed of Trust provides that the "Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." (Defs.'

Statement of Undisputed Facts ¶ 4, ECF No. 22; Deed of Trust ¶ 20, ECF No. 1-2.)

Following the execution of the Note and Deed of Trust, an allonge was affixed to the Note and signed by an officer of Trustmark. (Defs.' Statement of Undisputed Facts ¶ 5, ECF No. 22; ECF No. 1-11.) The allonge contained the following endorsement: "Pay to the order of E*Trade Bank, without recourse, [by] Trustmark." (*Id.*) On March 24, 2004, an Assignment of Deed of Trust was recorded in which Trustmark assigned the Deed of Trust to E*Trade Bank. (Defs.' Statement of Undisputed Facts ¶ 6, ECF No. 22; ECF No. 1-6.) Subsequently, a second allonge to the Note was executed and signed by an officer of E*Trade Bank to U.S. Bank, N.A. ("U.S. Bank"). (Defs.' Statement of Undisputed Facts ¶ 7, ECF No. 22; ECF No. 1-11.) On May 5, 2004, a second Assignment of the Deed of Trust was recorded in which E*Trade Bank assigned the Deed of Trust to U.S. Bank as Custodian/Trustee. (Defs.' Statement of Undisputed Facts ¶ 8, ECF No. 22; ECF No. 1-7.) Since this assignment, U.S. Bank held Bishop's Note in the trust named CSFB Mortgage-Backed Pass-Through Certificate, Series 2004-4. (Defs.' Statement of Undisputed Facts ¶ 13-14, ECF No. 22; Aff. of Denney ¶ 4, ECF No. 20-2.)

On July 5, 2013, U.S. Bank executed a Limited Power of Attorney ("POA") giving Chase, as U.S. Bank's "attorney-in-

fact," various powers in regard to mortgage loans held by various trusts. (Defs.' Statement of Undisputed Facts ¶¶ 9, 10, ECF No. 22; Aff. of Wingo Ex. D, ECF No. 20-1.)  One of the trusts governed by the POA is CSFB Mortgage-Backed Pass-Through Certificate, Series 2004-4.  (Defs.' Statement of Undisputed Facts ¶ 12, ECF No. 22; Aff. of Wingo ¶ 8, ECF No. 20-1.) Pursuant to the POA, Chase had powers to:

1. Demand, sue for, recover, collect and receive each and every sum of money, debt, account and interest (which now is, or hereafter shall become due and payable) belonging to or claimed by the Trustee, and to use or take any lawful means for recovery by legal process or otherwise, including but not limited to the substitution of trustee serving under a Deed Trust, the preparation and issuance of statements of breach, or non-performance or acceleration, notices of default, and/or notices of sale, accepting deeds in lieu of foreclosure, evicting (to the extent allowed by federal, state, and local laws) foreclosing on the properties under the Security Instruments by judicial or non-judicial foreclosure . . . .

2. Execute and/or file such documents and take such other action as is proper and necessary to defend the Trustee in litigation and to resolve any litigation where the Servicer has an obligation to defend the Trustee, including but not limited to dismissal, termination, cancellation, rescission and settlement.

3. Transact business of any kind regarding the Loans, as the Trustee's act and deed, to contract for, purchase, receive, and take possession and evidence of title in and to the Property and/or to secure payment of a promissory note or performance of any obligation or agreement relating thereto.

5

(Defs.' Statement of Undisputed Facts ¶¶ 10, 11, ECF No. 22; Aff. of Wingo Ex. D, ECF No. 20-1.)

On September 12, 2012, Shapiro & Kirsch, retained by Chase to handle the foreclosure proceedings, sent Bishop a letter announcing its plans to foreclose on the mortgage to the property. (Defs.' Statement of Undisputed Facts ¶ 15, ECF No. 22; ECF No. 1-5.) This letter informs Bishop, in relevant part, that pursuant to the FDCPA: Bishop is entitled to dispute the debt or request the name of the original creditor in writing within thirty days of receiving the letter; that if Bishop notifies Shapiro & Kirsch in writing within thirty days of receiving the letter that he disputes the debt or that he wants to know the name of the original creditor, Shapiro & Kirsch will obtain and mail to him verification of the debt and/or the name and address of the original creditor; that the FDCPA does not require Shapiro & Kirsch to wait thirty days from the date of Bishop's receipt of the letter to begin enforcing the Deed of Trust/Mortgage, but that if Shapiro & Kirsch begins foreclosure proceedings within the thirty-day period, Bishop still retains the right to dispute the debt or request the name of the original creditor; that if Bishop requests proof of the debt or the name of the original creditor within thirty days of receiving the letter, Shapiro & Kirsch must suspend its foreclosure efforts until it has mailed the requested

6

information to him; and that, because of interest, late charges, and other charges that may vary from day to day, the amount due on the day Bishop pays may be greater. (Defs.' Statement of Undisputed Facts ¶ 16, ECF No. 22; ECF No. 1-5.)

On April 25, 2014, Bishop sent a letter requesting validation of the debt, and on April 29, 2014, Shapiro & Kirsch sent a letter to Bishop acknowledging his debt validation request. (Defs.' Statement of Undisputed Facts ¶¶ 17, 18, ECF No. 22; ECF No. 1-9.) Bishop concedes that Shapiro & Kirsch's response to his letter included copies of the Loan Transaction History, the Note, the Security Instrument, and the Assignments. (Defs.' Statement of Undisputed Facts ¶ 18, ECF No. 22.)

II. PROPOSED CONCLUSIONS OF LAW

A. <u>Summary Judgment Standard</u>

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, the discovery and disclosure of materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993); *Osborn v. Ashland Cnty. Bd. of Alcohol, Drug Addiction & Mental Health Servs.*, 979 F.2d 1131, 1133 (6th Cir. 1992) (per curiam). The moving party has the burden of showing that there are no genuine issues of material

fact at issue in the case. *LaPointe*, 8 F.3d at 378. This may be accomplished by pointing out to the court that the non-moving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

In response, the non-moving party must go beyond the pleadings and present significant probative evidence to demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993); *see also LaPointe*, 8 F.3d at 378. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247—48 (1986); *LaPointe*, 8 F.3d at 378.

In deciding a motion for summary judgment, the "[c]ourt must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson*, 477 U.S. at 251—52). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the non-moving party.

*Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Patton*, 8 F.3d at 346; *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). However, to defeat a motion for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson*, 477 U.S. at 252; *LaPointe*, 8 F.3d at 378. Finally, a court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *Anderson*, 477 U.S. at 255; *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

Bishop has not responded to the Defendants' motion for summary judgment. The failure to respond to a motion for summary judgment inevitably tends to hinder a plaintiff's ability to avoid summary judgment as the plaintiff will not have set forth any affidavits or other material setting forth specific facts to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(c)(1).

B.  Bishop's "Accounting" Claim – First Cause of Action

The crux of Bishop's "accounting" claims is that the Defendants lack standing to foreclose on the Property due to deficiencies in the assignments of the Note and Chase's lack of authority to enforce the loan. Specifically, Bishop maintains

9

that the assignments of the Note and Deed of Trust were defective and fraudulent, and, thus, Chase cannot show a clear chain of title. (Compl. 31, ECF No. 1.) Further, Bishop asserts that Chase has no "authority to serve notice of default, notice of foreclosure, and other debt collection activities against [him]." (*Id.*)

1. *Assignments of Note and Deed of Trust*

Bishop lacks standing to challenge any assignment of the Note because courts have routinely found that a debtor may not challenge an assignment between an assignor and assignee. *In re Cook*, 457 F.3d 561, 567 (6th Cir. 2006)("[B]ecause neither the debtors nor the Trustee [were] parties to the [assignment] . . . [t]hey lack standing to enforce it."); *Bridge v. Aames Capital Corp.,* No. 109CV2947, 2010 WL 3834059, at *4 (N.D. Ohio Sept. 29, 2010)(holding that the plaintiff lacked standing to challenge assignment of the mortgage because she was not a party to the transfer); *Livonia Prop. Holdings v. Farmington Road Holdings,* 717 F. Supp. 2d 724, 735 (E.D. Mich. 2010)(holding that the plaintiff borrower did not have standing to dispute the validity of an assignment between assignor and assignee because plaintiff was "a non-party to those documents"). Because Bishop was not a party to the transfers nor were his contractual obligations under the Note or the Deed of Trust affected in any way, he lacks standing to challenge any assignment of the loan.

Even assuming that Bishop can challenge the assignments of the Note, there is no evidence in the record showing that the assignments were invalid. By signing the Note, Bishop indicated that he "understand[s] that the Lender may transfer the Note." (Aff. of Wingo Ex. A, ECF No. 20-1.) Similarly, the Deed of Trust provides that the Note can be sold one or more times without prior notice to Bishop. (Deed of Trust ¶ 20, ECF No. 1-2.) The record shows that Trustmark endorsed the Note to E*Trade Bank, who in turn endorsed it to U.S. Bank. (ECF Nos. 1-11.) These endorsements and transfers of the Note were memorialized by recorded assignments of the Deed of Trust. (ECF Nos. 1-6, 1-7.) Therefore, the court finds that these assignments are valid.

2. *Chase's Authority to Enforce the Note*

Bishop's claim that Chase has no authority to enforce the Note is meritless. The record shows that on July 5, 2013, U.S. Bank, the lawful holder of the Note, executed the POA in which it appointed Chase to be the attorney-in-fact over mortgages held by various trusts, including the trust that contained Bishop's Note. (Aff. of Wingo Ex. D, ECF No. 20-1.) Pursuant to the POA, Chase had the power to demand, sue for, recover, collect, and receive money, debt, account and interest belonging to or claimed by U.S. Bank; to secure payment of a promissory note or performance of any obligation or agreement relating

11

thereto; and to take any lawful means for recovery including foreclosing on the Property. (*Id.*) Bishop has not offered any evidence to dispute Chase's authority to enforce the terms of the Note and the accompanying Deed of Trust, and the record clearly shows that Chase possesses such authority.[2]

C. <u>Bishop's FDCPA Claims – Second Cause of Action</u>

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). In his complaint, Bishop alleges that the Defendants violated various sections of the FDCPA. (Compl. 32-40, ECF No. 1.) The Defendants contend that they are entitled to summary judgment on Bishop's FDCPA claim because they have complied with their obligations under the FDCPA and because Chase may validly enforce the Note. (Defs.' Mot. for Summ. J. 10-14, ECF No. 21.) The court considers below each of Bishop's claims under the FDCPA.

1. *15 U.S.C. § 1692g*

---

[2] Bishop also disputes the amount of debt owed to Chase. (Compl. 31, ECF No. 1.) The Note states that Bishop originally borrowed $358,900, (ECF No. 1-2); however, in its September 12, 2012 letter, Shapiro & Kirsch states that the amount of the debt is $495,739.83, (ECF No. 1-5). In its April 29, 2014 letter, Shapiro & Kirsch informed Bishop that payment history and payoff figures would be forwarded to him immediately. (ECF No. 1-9.) The court finds that the disparity between the two amounts, which could be a result of penalties and fees that Bishop incurred from 2003 up to 2012, is immaterial to the validity of the assignments and the Defendants' authority to foreclose.

12

The FDCPA requires a debt collector to send the consumer an initial written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, and statements of consumer's rights to request validation of the debt. 15 U.S.C. § 1692g(a)(emphasis added). For this notice to be effective, it "must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency." *Fed. Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 511 (6th Cir. 2007)(citation and internal quotation marks omitted). To determine whether the notice was effectively conveyed to the consumer, the Sixth Circuit uses the "least sophisticated debtor" standard. *Id.* at 509.

Once the consumer receives the initial notice, he may send a written request within thirty days for verification of the debt, which the debt collector must respond to by obtaining and mailing to the consumer *verification* of the debt or a copy of a judgment against the consumer. 15 U.S.C. § 1692g(b)(emphasis added).

Bishop asserts that the Defendants violated § 1692g(a) by sending a notice that overshadowed and was inconsistent with the disclosures required by 15 U.S.C. § 1692g(a). (Compl. 41, ECF No. 1.) The evidence here shows that on September 12, 2012, Shapiro & Kirsch, retained by Chase to handle the foreclosure proceedings, sent Bishop a letter announcing its plans to

13

foreclosure on the mortgage to the Property and providing the notices required by 15 U.S.C. § 1692g(a), (*See* ECF No. 1-5). Bishop does not explain how the September 12, 2012 notice was overshadowed or contradicted by other messages in the text of the letter. The September 12, 2012 notice is not difficult to read or discern and it was sufficient to "alert [Bishop] to [his] rights under the FDCPA to dispute the validity of [his] debt." *Lamar*, 503 F.3d at 511 (citation omitted).

Bishop further argues that, following Bishop's request, the Defendants failed to properly provide verification of the debt. (Compl. 33-34, ECF No. 1.) As stated above, Bishop received a notice on September 12, 2012, providing the notices required by 15 U.S.C. § 1692(a). Bishop did not dispute his debt within the thirty-day period as required by 15 U.S.C. § 1692g(b), but instead waited until April 25, 2014 to request validation of the debt. (*See* Compl. 22, ECF No. 1.) Nevertheless, on April 29, 2014, Shapiro & Kirsch sent Bishop *verification* of the debt as required by 15 U.S.C. § 1692g(b). (*See* ECF No. 1-9.) Accordingly, the Defendants have satisfied the obligations of 15 U.S.C. § 1692g(b).

2.  *15 U.S.C. § 1692i*

Bishop alleges a violation of 15 U.C.S. § 1692i. (Compl. 36, ECF No. 1.) Section 1692i is a venue provision addressing

actions brought by debt collectors, not debtors. Therefore, Bishop's claim for violation of 15 U.S.C. § 1692i is meritless.

   3.   *15 U.S.C. § 1692d*

15 U.S.C. § 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Bishop alleges in one sentence that the Defendants are in violation of § 1692d. (Compl. 36, ECF No. 1.) The court finds that nothing in the record supports Bishop's conclusory allegation, and, therefore, this claim fails as a matter of law.

   4.   *15 U.S.C. § 1692j*

15 U.S.C. § 1692j provides that:

It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

Bishop alleges that the Defendants violated § 1692j by "making false statements of material fact [and] posing as creditors." (Compl. 36, ECF No. 1.) The court previously determined that the Defendants are entitled to enforce the Note pursuant to the POA, and thus, they have not made any false misrepresentations to Bishop. Accordingly, Bishop's claim that the Defendants violated § 1692j of the FDCPA is meritless.

5. *15 U.S.C. § 1692f*

Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Bishop has again conclusorily alleged that the Defendants violated the FDCPA without providing any facts to support his allegations. (*See* Compl. 37, ECF No. 1.) Accordingly, Bishop's claim that the Defendants violated § 1692f of the FDCPA is meritless.

6. *15 U.S.C. § 1692e*

Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Bishop alleges in his complaint that the Defendants "falsely communicated to [him] that a transfer of the alleged debt by assignment to [Chase] subjected [Bishop] to a collection of the collateral under false pretenses as the alleged creditor." (Compl. 37, ECF No. 1.) Further, Bishop alleges that the Defendants are not entitled to collect the collateral on the alleged debt. (*Id.*)

The court previously determined that the Defendants are in fact entitled to enforce the Note pursuant to the POA, and that the assignments at issue were valid. Accordingly, Bishop's claim that the Defendants violated 15 U.S.C. § 1692e is meritless.

To conclude, the record in this case fails to show any genuine issues of fact and the Defendants are entitled to judgment as a matter of law on Bishop's various claims under the FDCPA.

D.  Bishop's TCSA & TCPA Claims – Third Cause of Action

In his complaint, Bishop argues that the Defendants' violations of the FDCPA, in turn, result in violations of the TCSA and TSCPA. (Compl. 41, ECF No. 1.)  Bishop has not offered any authority for this proposition other than cite to irrelevant Tennessee Code sections.  Nevertheless, the court previously held that the Defendants have not violated the FDCPA, and therefore, Bishop's claim that, by violating the FDCPA, the Defendants violated the TCSA and TCPA must also fail.

Bishop also alleges that the Defendants violated the TCPA by "using false representations or deceptive means to collect a debt or obtain information concerning a consumer." (Compl. 42, ECF No. 1.)  The TCPA is intended to "protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce." Tenn. Code Ann. § 47-18-102(2). "Courts applying the TCPA have held that a plaintiff must plead with particularity the circumstances of the unfair or deceptive conduct." *Peoples v. Bank of Am.*, No. 11-2868-STA, 2012 WL 601777, at *9 (W.D.

17

Tenn. Feb. 22, 2012)(citing *Harvey v. Ford Motor Credit Co.*, 8 S.W.3d 273, 276 (Tenn. Ct. App. 1999)).

As an initial matter, foreclosure proceedings are not covered by the TCPA. *Pursell v. Fist Am. Nat'l Bank*, 937 S.W.2d 838, 841-42 (Tenn. 1996); *Peoples,* 2012 WL 601777, at *9 (stating that courts in Tennessee "have consistently held that the TCPA does not reach the manner in which a lender conducts foreclosure proceedings"); *Simms v. Cit Grp./Consumer Fin.*, No. 08-2655-STA, 2009 WL 973011, at *9 (W.D. Tenn. Apr. 9, 2009)(finding that TCPA does not apply to deceptive conduct during foreclosure proceedings). Therefore, Bishop's claim under the TCPA fails as a matter of law.

Even if the TCPA was applicable, Bishop has not specifically pled any actions by the Defendants that constituted unfair or deceptive conduct. Bishop's instant claim again rests on his assertion that the Defendants did not have authority to collect the debt. Because the undisputed evidence shows that the Defendants possesses the right to enforce the Note and Deed of Trust, Bishop's TCPA claim is meritless.

E. <u>Bishop's Claim that the Defendants Violated a Consent Order Issued by the Office of the Comptroller of Currency – Fourth Cause of Action</u>

On April 13, 2011, following an examination by the Office of the Comptroller of Currency ("OCC") into Chase's foreclosure processes, Chase vouched to take necessary steps to remedy

18

deficiencies and unsafe or unsound practices identified by the OCC, (hereinafter "Consent Order"). (ECF No. 1-10.) Bishop alleges that the Defendants violated various sections of this Consent Order. (Compl. 45-47, ECF No. 1.)

The court finds that this Consent Order has no relevance to the instant proceedings. By its express terms, the Consent Order states that it does not confer to any person or entity, other than the parties to the Consent Order, "any benefit or any legal or equitable right, remedy, or claim." (Consent Order 27, ECF No. 1-10.) Furthermore, Bishop's instant claim is again based on his assertion that the assignments of the Note were defective and the Defendants do not have enforcement authority. The court previously found that the Defendants possess the right to enforce the Note and Deed of Trust, and thus, Bishop's instant claim is meritless and fails as a matter of law.

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that the Defendants' motion for summary judgment be granted.

Respectfully submitted this 29th day of May, 2015.

s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.