# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DONALD R. BISHOP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 14-2711 |
| ) | |
| JP MORGAN CHASE BANK, N.A. and ) | |
| SHAPIRO AND KIRSCH, LLP, ) | |
| ) | |
| Defendants. ) | |

# ORDER

On September 16, 2014, Plaintiff Donald R. Bishop ("Bishop") filed his pro se Complaint against Defendant JP Morgan Chase Bank, N.A. ("Chase") and Defendant Shapiro and Kirsch, LLP ("Shapiro & Kirsch") (collectively, the "Defendants"), seeking to set aside a non-judicial foreclosure sale and alleging violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq, the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-104, and the Tennessee Collection Service Act ("TCSA"), Tenn. Code Ann. § 62-20-127. (ECF No. 1.)

Before the Court are Chase's April 14, 2015 Motion for Summary Judgment (the "Motion"), the Magistrate Judge's May 29, 2015 Report and Recommendation Granting the Motion (the "R&R"), and Bishop's June 11, 2015 Objection to the R&R (the

"Objection"). (MSJ, ECF No. 20; R&R, ECF No. 25; Obj., ECF No. 26.) Shapiro & Kirsch joined the Motion on May 4, 2014. (ECF Nos. 23-24.) Chase responded to the Objection on June 25, 2015 (the "Response"). (ECF No. 25.) Shapiro & Kirsch joined the Response on June 26, 2015. (ECF Nos. 28-29.)

For the following reasons, the Objection is OVERRULED, the R&R is ADOPTED, and the Motion is GRANTED.

## I. Background

The Court assumes familiarity with the factual and procedural background of this case, which the R&R sets forth in detail. (R&R.) Unless otherwise stated, the Court adopts the R&R's defined terms.

## II. Jurisdiction

Bishop alleges violation of the FDCPA, TCPA, and TCSA. The Court has federal question jurisdiction over the FDCPA Claim under 28 U.S.C. § 1331. See 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the remaining state law claims because they derive from a "common nucleus of operative fact." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). Where, as here, there is no dispute that a certain state's substantive law applies, the Court will not conduct a "choice of law" analysis sua sponte. See GBJ Corp. v. Eastern Ohio Paving Co., 139 F.3d 1080, 1085 (6th Cir. 1998). Tennessee substantive law applies.

2

## III. Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to Magistrate Judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review—under a de novo or any other standard—"any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id. at 151.

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Zimmerman v. Cason, 354 F. App'x 228, 230 (6th Cir. 2009). Parties cannot validly object to a magistrate's report without explaining the

3

source of the error. <u>Howard v. Sec'y of Health & Human Servs.</u>, 932 F.2d 505, 509 (6th Cir. 1991).

## IV. Analysis

Bishop asserts his objections in fifteen numbered paragraphs:

1. BISHOP accepts the United States Constitution and within it, protections and guarantees of BISHOP's unalienable rights, and the privileges it affords him as a Citizen of the continental United States.

2. BISHOP claims the Constitutional guarantees contained within Articles 1 through 13, known as the "Bill of Rights"; which is vested in the Citizens domiciled within one of the several states within the continental United States.

3. BISHOP accepts Judge Vescovo's oath of Office as Chief Magistrate Judge for this United States District Court, wherein she has pledged to uphold the Constitution for the United States.

4. Pursuant to Article 3 of the United States Constitution, BISHOP is guaranteed a trial by jury, as the amount in controversy exceeds $20.00.

5. Pursuant to Article 5 of the United States Constitution, BISHOP is guaranteed the right to [substantive] due process of law.

6. BISHOP sees no evidence that JP MORGAN CHASE BANK, N.A. as Trustee for CSFB Mortgage-Backed Pass-Through Certificates, Series 2004-4 ("the REMIC") can execute the "power of sale" clause in the subject Deed of Trust, as well as daily oversee the investments of the REMIC Trust, where, if allowed, CHASE and the REMIC would be guilty of "double dipping".

7. Should the facts show that CHASE is not the real party of interest in this case, CHASE and SHAPIRO & KIRSCH, LLP ("KIRSCH") would be guilty of fraud and unjust enrichment and would therefore be liable for damages to BISHOP under statutes of frauds and FDCPA.

8. Upon knowledge and belief, BISHOP therefore avers the following: Either the subject promissory note has been permanently placed into the REMIC and therefore converted to stock certificates, or the subject note and deed of trust remain in their original form and were never placed into the REMIC, which renders the REMIC void, and the Trustee and the certificate holders possibly liable for violations of various laws and statutes and/or subject to tax consequences.

9. BISHOP disputes the assertion that CHASE has provided evidence on the record that proves it is a real party of interest, with the authority to execute the subject Deed of Trust. In Trinsey v Pagliaro, D.C.Pa. 1964, 229 F.Supp. 647, the court stipulated that an Attorney cannot be a competent fact witness before the court to obtain a summary judgment, being either an attorney or witness, not both.

10. BISHOP objects to Judge Vescovo's conclusion that CHASE has the authority to enforce the terms of the Note and the accompanying Deed of Trust. BISHOP has maintained that under 15 U.S.C. § 1692(e) CHASE and SHAPIRO are debt collectors and therefore not entitled to collect the collateral, in this case BISHOP's land and real property. Accordingly, on page 11 of Judge Vescovo's Report and Recommendations, she writes, "The record shows that Trustmark endorsed the Note to E*Trade Bank, who in turn endorsed it to U.S. Bank. (ECF Nos. 1-11.) These endorsements and transfers of the Note were by recorded assignments of the Deed of Trust. Therefore, the court finds that these assignments are valid."

    Upon knowledge and belief, BISHOP therefore avers CHASE along with Shapiro & Kirsch, LLP have accepted the subject promissory note, which was transferred as an unregistered security. Furthermore, BISHOP sees no dispute that CHASE and KIRSCH are in fact "debt collectors" as defined under FDCPA, 15 USC 1692(e), as CHASE and KIRSCH are attempting to collect the debt not in their own respective names, nor in the name of the Note Holder, U.S. BANK, N.A. but in the name of investors, who are (stock) certificate holders in the REMIC.

5

11. Upon knowledge and belief, BISHOP therefore avers, according to FDCPA rules, debt collectors are not entitled to collect the collateral, i.e. BISHOP's land and property, which makes the subject promissory note an unsecured debt.

12. Upon knowledge and belief, BISHOP objects to Judge Vescovo's determination that there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law. BISHOP has filed affidavits into this case which require rebuttal by a competent fact witness. BISHOP has seen no evidence of a rebuttal to said affidavits by a competent fact witness under penalty of perjury.

13. BISHOP avers there are genuine facts in dispute and demands a full hearing of this case before a jury of his peers and substantive due process of law.

14. BISHOP invokes Article 6, the "Supremacy Clause" of the United States Constitution as his assurance of substantive due process of law, which precludes summary judgment under Rule 56. BISHOP's asserts his common law right to a jury trial of his peers.

15. For the aforementioned, BISHOP moves for the Judge assigned to this case to overturn Chief Magistrate Judge Diane Vescovo's Report and Recommendation Granting the Defendants' Motion for Summary Judgment. BISHOP demands this court preserve and ensure his right to a trial by jury to hear and decide this case on its merits, as there remain genuine issues supported by material facts before this court.

(Obj. ¶¶ 1-15.)

Bishop's objections are impermissibly general, vague, and conclusory for purposes of Rule 72. In Paragraphs 1-5 and 14 of the Objection, Bishop accepts the United States Constitution, acknowledges the Magistrate Judge's oath of office, and claims his rights under the Bill of Rights. (Obj. ¶¶ 1-5, 14.) He does not assert any explicit objections based on the

6

Constitution, the Magistrate Judge's oath of office, or the Bill of Rights. (Obj. ¶¶ 1-5, 14.) To the extent Paragraphs 1-5 and 14 might be construed as objections, those objections are impermissibly general and vague for purposes of Rule 72.

In Paragraphs 6-10 of the Objection, Bishop argues that there is insufficient evidence in the record to show that Chase is the real party at interest or that Chase has the authority to enforce the Note and the Deed of Trust. (Obj. ¶¶ 6-10.) Insufficiency of evidence is a conclusion of law, and Bishop identifies no legal basis or facts in the record to support his conclusion. Bishop's objections in Paragraphs 6-10 are impermissibly conclusory for purposes of Rule 72.

In Paragraphs 10 and 11 of the Objection, Bishop argues that Chase and Shapiro & Kirsch are debt collectors, and that debt collectors are not permitted to collect the Property under the FDCPA rules. (Id. ¶¶ 10-11.) Bishop does not identify which FDCPA rules prohibit debt collectors from collecting the Property, and he does not explain why those FDCPA rules would apply to this case. (Id.) Bishop's objections in Paragraphs 10 and 11 are impermissibly conclusory for purposes of Rule 72.

In Paragraphs 12, 13, and 15 of the Objection, Bishop contends that genuine issues of material fact preclude summary judgment. (Id. ¶¶ 12, 13, 15.) Bishop does not identify those facts, explain why they are material, or demonstrate the

presence of a genuine dispute based on facts in the record. (Id.)  Bishop's objections in Paragraphs 12, 13, and 15 are impermissibly conclusory for purposes of Rule 72.

**V.   Conclusion**

Bishop's objections are vague (Obj. ¶¶ 1-5, 14) and conclusory (Id. ¶¶ 6-13, 15).  They are not specific objections pursuant to Rule 72(b), and the Court should and does adopt the findings and rulings of the Magistrate Judge.  The Objection is OVERRULED, the R&R is ADOPTED, and the Motion for Summary Judgment is GRANTED.


So ordered this 30th day of July, 2015.


                                s/ Samuel H. Mays, Jr.
                                SAMUEL H. MAYS, JR.
                                UNITED STATES DISTRICT JUDGE